IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| E.DIGITAL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| VIVITAR CORPORATION, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Now comes Plaintiff e.Digital Corporation before this Court and alleges as its complaint and petition for relief against the Defendant as follows:

## PARTIES

1.   Plaintiff e.Digital Corporation ("e.Digital") is a Delaware corporation having offices at 16770 West Bernardo Drive, San Diego, California 92127.

2.   Upon information and belief, Defendant Vivitar Corporation ("Vivitar") is Delaware Corporation having its offices located at 1600 North Desert Drive, Tempe, Arizona 85281.  Its agent for service in Texas is CT Corp System, Republic National Bank Bldg, San Antonio, TX 78201.

## JURISDICTION AND VENUE

3.   These claims arise under the Patent Laws of the United States, 35 U.S.C. §101 *et seq.*, in that each is a claim for infringement of a United States patent.  The jurisdiction of this Court is founded upon 28 U.S.C. § 1338(a).

4.   This Court has personal jurisdiction over the Defendant.  Upon information and belief, Defendant has transacted business in this judicial district and has committed, contributed

to, and/or induced acts of patent infringement in this judicial district including, among other things, through the sale of infringing products through retailers such the Wal-Mart located at 1701 E. End Blvd. N, Marshall, Texas and elsewhere in the Eastern District of Texas.

5. Venue within this District is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

### COUNT 1:  PATENT INFRINGEMENT OF THE '774 PATENT

6. The allegations of paragraphs 1-5 are incorporated herein by reference.

7. Plaintiff e.Digital is the sole owner by assignment of United States Patent No. 5,491,774 ("the '774 Patent") issued on February 13, 1996 and entitled Handheld Record and Playback Device with Flash Memory.  A copy of the '774 Patent is attached as Exhibit A.

8. Upon information and belief, Defendant has infringed and, if not enjoined, will continue to infringe one or more claims of the '774 Patent by performing, without authority, one or more of the following acts:  (a) making, using, offering for sale, or selling within the United States the invention as claimed in one or more claims of the '774 Patent, in violation of 35 U.S.C. § 271(a); (b) importing into the United States the invention as claimed in one or more claims of the '774 Patent, in violation of 35 U.S.C. § 271(a); (c) inducing infringement of one or more claims of the '774 Patent, in violation of 35 U.S.C. § 271(b); and (d) contributing to the infringement of one or more claims of the '774 Patent, in violation of 35 U.S.C. § 271(c) (the "acts of infringement of the '774 Patent").

### COUNT 2:  PATENT INFRINGEMENT OF THE '737 PATENT

9. The allegations of paragraphs 1-5 are incorporated herein by reference.

10. Plaintiff e.Digital is the sole owner by assignment of United States Patent No. 5,742,737 ("the '737 Patent") issued on April 21, 1998 and entitled Method for Recording Voice

Messages on Flash Memory in a Hand Held Recorder. A copy of the '737 Patent is attached as Exhibit B.

11. Upon information and belief, Defendant has infringed and, if not enjoined, will continue to infringe one or more claims of the '737 Patent by performing, without authority, one or more of the following acts: (a) making, using, offering for sale, or selling within the United States the invention as claimed in one or more claims of the '737 Patent, in violation of 35 U.S.C. § 271(a); (b) importing into the United States the invention as claimed in one or more claims of the '737 Patent, in violation of 35 U.S.C. § 271(a); (c) inducing infringement of one or more claims of the '737 Patent, in violation of 35 U.S.C. § 271(b); and (d) contributing to the infringement of one or more claims of the '737 Patent, in violation of 35 U.S.C. § 271(c) (the "acts of infringement of the '737 Patent").

## COUNT 3:  PATENT INFRINGEMENT OF THE '445 PATENT

12. The allegations of paragraphs 1-5 are incorporated herein by reference.

13. Plaintiff e.Digital is the sole owner by assignment of United States Patent No. 5,787,445 ("the '445 Patent") issued on July 28, 1998 and entitled Operating System Including Improved File Management For Use in Devices Utilizing Flash Memory As Main Memory. A copy of the '445 Patent is attached as Exhibit C.

14. Upon information and belief, Defendant has infringed and, if not enjoined, will continue to infringe one or more claims of the '445 patent by performing, without authority, one or more of the following acts: (a) making, using, offering for sale, or selling within the United States the invention as claimed in one or more claims of the '445 Patent, in violation of 35 U.S.C. § 271(a); (b) importing into the United States the invention as claimed in one or more claims of the '445 Patent, in violation of 35 U.S.C. § 271(a); (c) inducing infringement of one or

more claims of the '445 Patent, in violation of 35 U.S.C. § 271(b); and (d) contributing to the infringement of one or more claims of the '445 Patent, in violation of 35 U.S.C. § 271(c) (the "acts of infringement of the '445 patent").

### COUNT 4:  PATENT INFRINGEMENT OF THE '108 PATENT

15. The allegations of paragraphs 1-5 are incorporated herein by reference.

16. Plaintiff e.Digital is the sole owner by assignment of United States Patent No. 5,839,108 ("the '108 Patent") issued on November 17, 1998 and entitled Flash Memory File System In A Handheld Record And Playback Device.  A copy of the '108 Patent is attached as Exhibit D.

17. Upon information and belief, Defendant has infringed and, if not enjoined, will continue to infringe one or more claims of the '108 Patent by performing, without authority, one or more of the following acts:  (a) making, using, offering for sale, or selling within the United States the invention as claimed in one or more claims of the '108 Patent, in violation of 35 U.S.C. § 271(a); (b) importing into the United States the invention as claimed in one or more claims of the '108 Patent, in violation of 35 U.S.C. § 271(a); (c) inducing infringement of one or more claims of the '108 Patent, in violation of 35 U.S.C. § 271(b); and (d) contributing to the infringement of one or more claims of the '108 Patent, in violation of 35 U.S.C. § 271(c) (the "acts of infringement of the '108 patent").

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff e.Digital hereby demands a jury trial on all issues triable to a jury.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff e.Digital petitions this Court and requests that a judgment be entered and relief be granted as follows:

    A.    Declaring that Vivitar has infringed the '774 Patent, '737 Patent, '445 Patent, and '108 Patent as alleged herein (directly, by inducement, and/or contributorily);

    B.    Preliminarily and permanently enjoining, restraining, and prohibiting Vivitar, and any party acting through, for, or in concert with Vivitar from further infringing (directly, by inducement, or contributorily) any claim of the '774 Patent, '737 Patent, '445 Patent, and '108 Patent;

    C.    Awarding to Plaintiff e.Digital such monetary or compensatory damages as may be found or deemed adequate to fully compensate Plaintiff e.Digital for any of Vivitar's acts of infringement of the '774 Patent, '737 Patent, '445 Patent, and/or '108 Patent and/or any other injury suffered by Plaintiff e.Digital due to Defendant Vivitar's acts of infringement of the '774, '737, '445, and '108 Patents;

    D.    Awarding to Plaintiff e.Digital its costs; and

    E.    Awarding to Plaintiff e.Digital such other, further, or general relief as this Court may deem proper.

    Respectfully submitted,

Dated: September 7, 2007    By: /s/ Gary R Maze
    Gary R. Maze
    Lead Attorney
    TX Bar 00792678
    grmaze@duanemorris.com
    Wesley W. Yuan
    TX Bar 24042434
    wwyuan@duanemorris.com

                                                           Duane Morris LLP
                                                           3200 Southwest Freeway, Suite 3150
                                                           Houston, TX  77027-7534
                                                           Tel.:  713.402.3900
                                                           Fax:  713.402.3901

OF COUNSEL:

L. Norwood "Woody" Jameson (prospective *pro hac vice*)
GA SBN: 003970
wjameson@duanemorris.com
Matthew S. Yungwirth (prospective *pro hac vice*)
GA SBN: 783597
msyungwirth@duanemorris.com
Duane Morris LLP
1180 West Peachtree Street, Suite 700
Atlanta GA  30309-3448
Tel:     404.253.6900
Fax:    404.253.6901

Daniel C. Minteer (prospective *pro hac vice*)
CA SBN: 62158
dcminter@duanemorris.com
James Y.C. Sze (prospective *pro hac vice*)
CA SBN 203274
Duane Morris LLP
101 W. Broadway, Suite 900
San Diego, CA  92101-8285
Tel.:    619.744.2200
Fax:    619.744.2201

                                                           ATTORNEYS FOR PLAINTIFF
                                                           E.DIGITAL CORPORATION